IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

**SMB INTERNATIONAL, LLC,**
a Florida limited liability company,

    Plaintiff,

v.

**CARGO SOLUTION EXPRESS, INC.,**
a California corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff SMB International, LLC ("Plaintiff" or "SMB"), by and through undersigned counsel, hereby files this Complaint and sues Defendant Cargo Solution Express, Inc. ("Defendant" or "CSE"), and states:

### INTRODUCTION

This is an action for damages in excess of $75,000.00, exclusive of interest, costs, and attorney's fees, arising from the Defendant's negligence, willful acts, and breach of statutory duty including, but not limited to, Defendant's failure to: safely transport Plaintiff's cargo, timely vacate Plaintiff's property following pickup, and subsequent failure and refusal to remove its abandoned and hazardous commercial vehicle left at Plaintiff's property, causing significant property damage and environmental damage following a fire at the property. As a result of Defendant's actions and/or inactions, as more fully described herein, Plaintiff has suffered damages, which are ongoing.

### PARTIES, JURISDICTION AND VENUE

1. At all times relevant hereto, Plaintiff SMB is a limited liability company existing under the laws of the state of Florida, with its principal place of business located at 4701 N. Federal Highway, Suite 315, Pompano Beach, FL 33064.

2. As such, Plaintiff SMB is a citizen of the state of Florida for the purpose of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1).

3. Upon information and belief, at all times relevant hereto, Defendant CSE is a corporation existing under the laws of the state of California, with its principal place of business located in Fontana, California.

4. As such, Defendant CSE is a citizen of the state of California for the purpose of diversity jurisdiction pursuant to 28 U.S.C. § 1332(c)(1).

5. Upon further information and belief, CSE is a for hire motor carrier authorized by the Federal Motor Carrier Safety Administration (with a motor carrier number of MC-565817) to transport property in interstate commerce.

6. This Court has jurisdiction over this cause of action pursuant to 28 U.S.C. § 1332(a), as the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and there is complete diversity amongst the Plaintiff and Defendant.

7. This Court also has original jurisdiction over this cause of action pursuant to 49 U.S.C. § 14706 and 28 U.S.C. § 1337, as the amount in controversy exceeds the minimum jurisdictional threshold, exclusive of interest and costs.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

9. Plaintiff has engaged undersigned counsel and has agreed to pay counsel its reasonable attorneys' fees for all services rendered in this action.

10. All conditions precedent to the bringing of this action have been satisfied, excused or waived.

## GENERAL ALLEGATIONS

11. At all times relevant hereto, Plaintiff SMB is and has been the tenant under that certain commercial lease agreement for the use and possession of the real property located at 1081 Rosemary Boulevard, Akron, OH 44306 (the "Property"), where it operates its consumer product manufacturing business (the "Business").

12. On or about June 17, 2024, Plaintiff entered into a Purchase Order agreement (the "Purchase Order") with its customer, Home First, for the manufacture and sale of commercial cleaning products. A true and correct copy of the Purchase Order is attached hereto as **Exhibit "A"** and incorporated herein by reference.

13. The Purchase Order provided, in pertinent part, for the manufacture and sale of 73, 992 units of various 32oz commercial cleaning products, including multi-surface cleaners and scented dish soaps (the "Goods"), in the total aggregate amount of $126,586.32. The Purchase Order further set forth specific terms related to the shipping of the goods, specifically stating that shipping was "FOB Akron," thereby making the buyer responsible for arranging and paying for transportation from Plaintiff's facility.

14. On or about September 5, 2024, Plaintiff, pursuant to the Purchase Order, tendered a partial shipment of the Goods to Defendant CSE, who was hired by Plaintiff's buyer, Home First, to transport the Goods from Plaintiff's Property to the buyer's out-of-state destination in interstate commerce.

15. The contract of carriage was confirmed by Bill of Lading, which contract provided, in pertinent part, for the shifting of liability from Plaintiff to Defendant upon the physical transfer

and acceptance of the Goods (the "Bill of Lading").  A true and correct copy of the Bill of Lading is attached hereto as **Exhibit "B"** and incorporated herein by reference.

16. The Goods were accepted by the Defendant's driver and were physically loaded onto Defendant's commercial truck and trailer (the "Truck") by Plaintiff's employees for immediate interstate transit on or about September 5, 2024.

17. The Goods were in apparent good order and condition at the time of transfer to the Defendant.

18. During the loading of the Goods by Plaintiff's employees onto the Truck, Defendant's driver was explicitly instructed by Plaintiff's employees including Plaintiff's warehouse supervisor, to remain inside the cab of the Truck while the loading of the Goods was being completed, to sign the Bill of Lading upon completion, and to immediately pull the Truck out of the loading dock and off the Property once loaded.

19. However, notwithstanding Plaintiff's explicit instructions, it was discovered by Plaintiff's employees, following completion of the loading and securing of the Goods on the Truck, that Defendant's driver had vacated the Truck during the loading process without notice or authority, and was neither present at the Truck nor otherwise able to be readily located by Plaintiff's employees following completion of the physical transfer of the Goods.

20. Upon discovering that Defendant's driver had vacated the Truck during the loading process and unable to be located following completion of the Goods, Plaintiff's employees immediately began searching the Property for Defendant's driver to execute the Bill of Lading and instruct him to immediately depart. Defendant's driver was discovered without Plaintiff's permission within an unauthorized area of one of Plaintiff's buildings on the Property.

21. Before Defendant's driver returned to the Truck, a fire broke out at the Property on or about September 5, 2024. The fire quickly spread and incinerated everything within its path including, but not limited to, the Goods, the Truck, and the attached Trailer.

22. The portion of the Goods transferred to Defendant, with an attendant value of $13,500.00, were completely destroyed while in the care, custody, and control of Defendant CSE.

23. Following the fire, the destroyed Truck, Trailer, Goods, and melted cargo (collectively, the "Hazardous Debris") were abandoned on Plaintiff's private property by Defendant. The Hazardous Debris contained hazardous fluids (e.g., diesel fuel, oil) that melted and leaked into the ground, contaminating the soil throughout the Property.

24. Plaintiff began undertaking environmental cleanup efforts of the Property in accordance with the instructions and mandate of the Ohio Environmental Protection Agency ("OEPA"). These efforts, undertaken at Plaintiff's own expense, included the retention of a public adjuster and environmental cleanup company to perform environmental and soil sampling of the entire Property.

25. Unable to complete its required cleanup of the Property due to the continued presence of the incinerated Truck, Trailer, Goods, and Hazardous Debris abandoned at the Property by Defendant on or about September 5, 2024, on or about November 4, 2024, less than two (2) months after the fire, Plaintiff's public adjuster first requested from CSE that it remove such items and materials from the Property.

26. While Defendant initially appeared receptive to such requests by Plaintiff, Defendant failed to take any such actions or otherwise provide assistance in either the cleanup process of the Property or removal of the Truck or Trailer from the Property, causing Plaintiff to

incur continuing daily expenses and storage costs associated with the Truck, Trailer, Goods, and Hazardous Debris abandoned by Defendant at the Property.

27. Thereafter, on or about August 8, 2025, Plaintiff, through the undersigned counsel, sent Defendant a demand letter (the "Demand") requesting that CSE immediately remove the Truck from the Property and advising Defendant regarding Plaintiff's inability to satisfy the environmental cleanup efforts mandated by the OEPA, in addition to the continuing costs being incurred by Plaintiff due to CSE's failures. A true and correct copy of the Demand is attached hereto and incorporated herein as **Exhibit "C."**

28. However, notwithstanding the Demand, and despite repeated demands from Plaintiff, Defendant CSE has failed and refused to remove or cooperate in removing the Truck, Trailer, Goods, and/or Hazardous Debris from the Property, causing Plaintiff to suffer continued harm as a result thereof.

29. As a direct result of Defendant's actions and inactions, Plaintiff has incurred substantial monetary damages for cargo replacement, environmental cleanup, remediation, and daily storage costs.

30. As a direct result of Defendant's actions and inactions, Plaintiff has incurred and continues to incur substantial monetary damages for cargo loss, environmental cleanup, remediation, and daily storage costs, in an amount to be proven at trial but exceeding $75,000.00.

**COUNT I: CARGO LOSS - LIABILITY UNDER THE CARMACK AMENDMENT**
**(49 U.S.C. § 14706)**

31. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 30.

32.     Defendant CSE is liable for the loss of the Goods pursuant to 49 U.S.C. § 14706 because Defendant CSE's transportation of the Goods constituted the transportation of goods in interstate commerce by a motor carrier.

33.     Defendant CSE's actions resulted in a claim for loss and damages by Plaintiff relating to the Goods, for which Defendant is strictly liable for the full actual loss of the Goods in an amount of at least $12,342.00, because the loss and damage occurred while the Goods were in Defendant's possession, custody and/or control.

34.     Accordingly, Plaintiff has suffered damages in an amount of at least $12,342.00 exclusive of interest, as established by the Purchase Order.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in its favor and against Defendant CSE for damages in an amount of $13,500.00, reasonable attorney's fees, costs, pre and post-judgment interest, and such other relief as this Court deems just and proper.

## COUNT II: NEGLIGENCE (PRE-FIRE)

35.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 30.

36.     Defendant, through its driver, owed a duty of care to Plaintiff to operate its vehicle safely and to follow Plaintiff's reasonable instructions regarding the use of its Property, including the instruction to remain with the vehicle during loading and to depart immediately upon completion.

37.     Defendant breached this duty by: (a) allowing its driver to vacate the Truck during loading without authorization; (b) failing to ensure its driver remained on-site to execute necessary shipping documents; and (c) failing to move the fully loaded Truck from the dock immediately after loading was complete.

38. Defendant's breach was a direct and proximate cause of the destruction of the Goods when the fire subsequently broke out, as the Truck and Goods would not have been present on the Property had Defendant followed instructions.

39. As a direct result of Defendant's negligence, Plaintiff has suffered damages, including the value of the lost Goods for which it is liable to its customer.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for damages against Defendant, including actual damages, statutory damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other relief as this Court deems just and proper.

## COUNT III: NEGLIGENCE (POST-FIRE)

40. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 30.

41. Following the fire, Defendant owed a duty of care to Plaintiff to promptly and reasonably remove its damaged and hazardous property from Plaintiff's premises to prevent further damage and to allow for necessary environmental remediation.

42. Defendant breached this duty by failing and refusing to remove the Hazardous Debris despite repeated demands over a period of nearly one year.

43. Defendant's breach was a direct and proximate cause of additional damages to Plaintiff, including, but not limited to, delays in environmental cleanup, ongoing storage costs, inability to fully comply with OEPA mandates, and continued contamination of the Property.

44. As a direct result of Defendant's post-fire negligence, Plaintiff has suffered and continues to suffer significant compensatory damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for damages against Defendant, including actual damages, statutory damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other relief as this Court deems just and proper.

## COUNT IV: TRESPASS TO LAND

45. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 30.

46. Defendant, through its inaction and refusal to remove its property, has intentionally and unlawfully caused its Hazardous Debris to remain on Plaintiff's private property without permission or consent.

47. Defendant's unauthorized, intentional, and prolonged intrusion constitutes a continuing trespass to Plaintiff's land.

48. As a direct and proximate result of this trespass, Plaintiff has suffered damages including, but not limited to, costs associated with the cleanup, removal, and loss of use of its property.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for damages against Defendant, including actual damages, statutory damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other relief as this Court deems just and proper.

## COUNT V: NUISANCE

49. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 30.

50. Defendant's abandonment of the Hazardous Debris has created a dangerous, offensive, and unlawful condition on Plaintiff's Property.

51. This condition substantially and unreasonably interferes with Plaintiff's use and enjoyment of its property and its ability to proceed with the OEPA-mandated cleanup, constituting a private nuisance.

52. As a direct result of the nuisance maintained by Defendant, Plaintiff has suffered significant damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for damages against Defendant, including actual damages, statutory damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other relief as this Court deems just and proper.

### COUNT VI: GROSS NEGLIGENCE

53. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 30.

54. Defendant's failure to remove the Hazardous Debris and its outright refusal to cooperate in the cleanup process, despite knowledge of the hazardous contamination, OEPA mandates, and the daily accruing damages to Plaintiff, demonstrates a conscious disregard and indifference to the rights and safety of Plaintiff.

55. Such conduct constitutes gross negligence, willful and wanton misconduct, and/or recklessness.

56. As a direct result, Plaintiff is entitled to an award of punitive damages to punish Defendant and deter similar conduct in the future.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for damages against Defendant, including actual damages, statutory damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other relief as this Court deems just and proper.

### RESERVATION OF RIGHTS

Plaintiff hereby reserves the right to amend this pleading as discovery progresses.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 2nd day of March, 2026.

                Respectfully Submitted,

By:   */s/ David H. Haft*
      David H. Haft, Esq.
      david@dhaftlaw.com
      Florida Bar No. 68992
      **David H. Haft, P.A.**
      1526 Cardinal Way, Suite A
      Weston, Florida 33327
      Tel: (516)782-3612
      *Attorneys for Plaintiff SMB International*

JS 44 (Rev. 04/21) FLSD Revised 12/02/2022

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
SMB International, LLC

## DEFENDANTS
CARGO SOLUTION EXPRESS, INC.

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only) and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act (TCPA) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | | |
| | | ☐ 710 Fair Labor Standards Acts | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 380 Other Personal Property Damage | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 895 Freedom of Information Act |
| | | | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | **FEDERAL TAX SUITS** | |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☒ 240 Torts to Land | ☐ 443 Housing/Accommodations | ☐ 530 General | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | |
| | | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed *(See VI below)*
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

## VI. RELATED/RE-FILED CASE(S)
*(See instructions):* a) Re-filed Case ☐ YES ☒ NO   b) Related Cases ☐ YES ☒ NO
JUDGE: DOCKET NUMBER:

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(c)(1); 49 U.S.C. § 14706 - Carmack Amendment
LENGTH OF TRIAL via 2 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $** 5,000,000
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**
DATE  SIGNATURE OF ATTORNEY OF RECORD
March 2, 2026  /s/ David H. Haft, Esq.

**FOR OFFICE USE ONLY : RECEIPT #**  AMOUNT  IFP  JUDGE  MAG JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.** (a) **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence**.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction**.  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked. Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit**.  Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin**.  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

Remanded from Appellate Court. (8) Check this box if remanded from Appellate Court.

**VI.** **Related/Refiled Cases**. This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

**VII.** **Cause of Action**.  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
        Brief Description: Unauthorized reception of cable service

**VIII.** **Requested in Complaint**.  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature**.  Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida  ▼

| | | |
|---|---|---|
| SMB INTERNATIONAL, LLC, | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| CARGO SOLUTION EXPRESS, INC., a California corporation | ) | |
| *Defendant(s)* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*  CARGO SOLUTION EXPRESS, INC.,
14587 Valley Blvd
Fontana, CA 92335

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  David H. Haft, Esq.
David H. Haft, P.A.
1526 Cardinal Way, Suite A
Weston, FL 33327

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: