**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO. 0:26-cv-60605-DSL**

SMB INTERNATIONAL, LLC, )
*a Florida limited liability company,* )
)
Plaintiff, )
)
v. )
)
CARGO SOLUTION EXPRESS, INC., )
*a California corporation,* )
)
Defendant. )
____________________________/ )

**AFFIDAVIT OF DAVID H. HAFT IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT: ATTORNEYS' FEES AND COSTS**

STATE OF FLORIDA )
COUNTY OF BROWARD )

I, David H. Haft, Esq., being duly sworn, depose and state as follows:

1. I am an attorney duly licensed to practice law in the State of Florida, and I am admitted to practice before the United States District Court for the Southern District of Florida. I am the principal of David H. Haft, P.A., attorneys of record for Plaintiff SMB International, LLC (SMB or Plaintiff) in the above-captioned action. I have personal knowledge of the facts set forth in this Affidavit and am competent to testify thereto.

2. I have been a member of the Florida Bar since 2009. My practice focuses on complex commercial litigation, including contract disputes, and business torts. I am familiar with the legal

marketplace in South Florida and with the reasonable and customary rates charged by attorneys of comparable skill, experience, and reputation for cases of this type in this district.

3. I submit this Affidavit in support of Plaintiff's Motion for Default Final Judgment to establish the reasonable attorneys' fees and taxable costs incurred by Plaintiff in this action, pursuant to Federal Rule of Civil Procedure 55(b)(2), Local Rule 7.3, and applicable law.

## **REASONABLENESS OF HOURLY RATE**

4. My billing rate in this matter is $675.00 per hour. This rate is reasonable and consistent with the prevailing market rate in the Southern District of Florida for attorneys of comparable skill, experience, and reputation handling complex commercial litigation and transportation law matters of this nature.

5. In determining a reasonable hourly rate, courts in this district examine the skill required to perform the legal service properly, the preclusion of other employment, the customary fee in the community, the time limitations imposed by the client or the circumstances, the amount involved and the results obtained, the experience and reputation of the attorney, and the nature of the fee arrangement. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974); *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

6. This matter involves federal transportation law under the Carmack Amendment, multi-count Ohio tort claims including pre-fire and post-fire negligence, trespass, nuisance, and gross negligence, OEPA-mandated environmental remediation damages spanning multiple vendors and over a year of documented costs, and default judgment proceedings in federal court. Based on my experience, knowledge of the South Florida legal marketplace, and review of fee awards in comparable cases in this district, I believe $675.00 per hour is a reasonable and appropriate rate for an attorney of my experience and skill handling a matter of this complexity.

## REASONABLENESS OF HOURS EXPENDED

7. I have personally maintained contemporaneous time records reflecting the hours reasonably expended in connection with this matter. In preparing this Affidavit, I have carefully reviewed those records and have exercised billing judgment to exclude any time that is excessive, redundant, or otherwise not properly compensable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

8. The total number of hours reasonably expended in connection with this action, after the exercise of billing judgment, is 59.2 hours, resulting in a total lodestar fee of $40,000.00 (59.2 hours x $675.00 per hour).

9. The following table sets forth a summary of the services rendered and the time expended on each task:

| Description of Services Rendered | Hours | Rate | Amount |
|---|---|---|---|
| Review of file, facts, and underlying documents; initial case assessment and strategy | 3.5 | $675.00 | $2,362.50 |
| Legal research re: Carmack Amendment liability, prima facie elements, and carrier defenses | 5.5 | $675.00 | $3,712.50 |
| Legal research re: Ohio tort law (negligence, trespass, nuisance, gross negligence) | 4.5 | $675.00 | $3,037.50 |
| Legal research re: default judgment standard, Rule 55(b)(2), Eleventh Circuit authority | 3.0 | $675.00 | $2,025.00 |
| Drafting and revision of Complaint (six counts, jurisdictional allegations, exhibits) | 8.0 | $675.00 | $5,400.00 |
| Review and organization of supporting exhibits (Purchase Order, Bill of Lading, Demand Letter, EnviroServe invoice, remediation ledger) | 2.0 | $675.00 | $1,350.00 |
| Correspondence and coordination with client re: facts, damages, and litigation strategy | 3.0 | $675.00 | $2,025.00 |
| Preparation and filing of civil cover sheet and summons | 0.5 | $675.00 | $337.50 |
| Review of Clerk's default and Court's Order on Default Procedure [ECF Nos. 7, 8] | 1.0 | $675.00 | $675.00 |

| | | | |
|---|---|---|---|
| Legal research re: SCRA applicability to corporate defendants | 1.0 | $675.00 | $675.00 |
| Drafting and revision of Motion for Default Final Judgment and Incorporated Memorandum of Law | 11.0 | $675.00 | $7,425.00 |
| Drafting and revision of Affidavit of Scott Margulis in Support of Motion for Default Final Judgment | 4.0 | $675.00 | $2,700.00 |
| Drafting and revision of Proposed Order Granting Motion for Default Final Judgment | 1.5 | $675.00 | $1,012.50 |
| Drafting and revision of Proposed Default Final Judgment | 2.0 | $675.00 | $1,350.00 |
| Drafting and revision of Affidavit of Attorneys' Fees and Costs | 2.0 | $675.00 | $1,350.00 |
| Review, finalization, and filing of all default judgment papers | 3.5 | $675.00 | $2,362.50 |
| Preparation of service of process and certificates of service | 1.5 | $675.00 | $1,012.50 |
| General case management, communications with Court, and administration | 1.8 | $675.00 | $1,215.00 |
| **TOTAL ATTORNEYS' FEES** | **59.2** | **$675.00** | **$40,000.00** |

10. The tasks reflected in the foregoing table were all reasonably necessary to the prosecution of this action. The hours expended were reasonable given the complexity of the claims, the number of legal theories advanced, the volume of documentary evidence supporting the damages claims (including the Remediation Ledger, EnviroServe invoices, and HAZMAT response records), and the requirements of the Court's Order on Default Procedure [ECF No. 8].

## TAXABLE COSTS

11. In addition to attorneys' fees, Plaintiff has incurred the following taxable costs in connection with this action, which are recoverable pursuant to 28 U.S.C. Section 1920 and Federal Rule of Civil Procedure 54(d):

| Description of Cost | Amount |
|---|---|
| Court filing fee (civil case initiation -- 28 U.S.C. Section 1920(1)) | $405.00 |
| Service of process -- Cargo Solution Express, Inc. (28 U.S.C. Section 1920(1)) | $165.00 |

| | |
|---|---|
| **TOTAL TAXABLE COSTS** | **$570.00** |

12. These costs were necessarily incurred in connection with the prosecution of this action and are properly taxable against Defendant pursuant to 28 U.S.C. Section 1920 and Federal Rule of Civil Procedure 54(d).

**SUMMARY**

13. In summary, Plaintiff respectfully requests the following award of attorneys' fees and costs:

| **Category** | **Amount** |
|---|---|
| Total Attorneys' Fees (59.3 hours x $675.00/hour) | $40,000.00 |
| Total Taxable Costs (28 U.S.C. Section 1920) | $570.00 |
| **TOTAL FEES AND COSTS** | **$40,570.00** |

14. I believe that the attorneys' fees and costs set forth herein are reasonable and necessary, reflect the exercise of billing judgment, and accurately represent the work performed and costs incurred in connection with this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 12, 2026.

By: ______________________
**David H. Haft, Esq.**
Florida Bar No. 68992
david@dhaftlaw.com
David H. Haft, P.A.
1526 Cardinal Way, Suite A
Weston, Florida 33327
Tel: (516) 782-3612
Fax: (754) 253-3743
*Attorneys for Plaintiff SMB International, LLC*

Sworn to and subscribed before me this 12 day of MAY, 2026.

Notary Public, State of Florida

My Commission Expires: 04/16/29

NOTARY PUBLIC STATE OF FLORIDA
LOLA RINAUDO
MY COMMISSION # HH 665874
EXPIRES: April 16, 2029